IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FARLYN BOWEN III,<br>*Plaintiff* <br><br>-vs-<br><br>WELLS FARGO BANK, N.A., WELLS FARGO BANK LTD, WELLS FARGO & COMPANY, NCR CORPORATION,<br>*Defendants* | § § § § § § § § § § | SA-21-CV-01076-XR |

### ORDER

On this date, the Court considered Plaintiff's motion to remand (ECF No. 10). After careful consideration, the motion is GRANTED.

### BACKGROUND

This premises liability case arises out of injuries that Plaintiff Farlyn Bowen III allegedly sustained when he experienced an electrical shock as he inserted his bank card into an automated teller machine ("ATM") at a Wells Fargo bank on or about August 31, 2019. Plaintiff filed his Original Petition in the 73rd District Court of Bexar County, Texas on August 30, 2021, asserting claims against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Wells Fargo Bank Ltd, Wells Fargo & Company (together with Wells Fargo and Wells Fargo Bank Ltd, the "Wells Fargo Defendants"), and NCR Corporation.[1] ECF No. 1-2 at 3–8.

Plaintiff served Defendants as out-of-state corporate entities through the Texas Secretary of State pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044 (outlining substituted service on the Texas Secretary of State). Certificates from the Secretary of State on file in the state action indicate that the Secretary received copies of the Original Petition and Citations on September

---

[1] Wells Fargo's answer to Plaintiff's original petition includes special exceptions indicating that neither Wells Fargo Bank, Ltd. nor Wells Fargo & Company is a proper party to this action. *See* ECF No. 1-2 at 22.

23, 2021. ECF No. 1-2 at 12, 29–30. The Wells Fargo Defendants assert that they received the Original Petition and Citations on October 4, 2021. *See* ECF No. 1; ECF No. 10 at 1.

Wells Fargo filed its original answer generally denying Plaintiff's allegations in state court on October 22, 2021, and, thereafter filed a cross-complaint against NCR. ECF No. 1-2 at 22–28, 31–33. On November 2, 2021, the Wells Fargo Defendants removed the state court action to this Court, on the basis of diversity jurisdiction. *See* ECF No. 1.

On November 11, 2021, Plaintiff filed this motion to remand. ECF No. 10. Plaintiff does not appear to dispute that diversity jurisdiction exists, but rather contends that removal was untimely and, further, that Wells Fargo waived its right to remove by actively participating in the state court case prior to removal. *Id.* The Wells Fargo Defendants have not filed a response.

## DISCUSSION

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any ambiguities are to be construed against removal, as the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Section 1446, which establishes procedures for removal, provides strict timing guidelines for a when a case can be removed. A defendant has thirty days to file notice of removal upon receiving the initial pleading or summons "through service or otherwise." 28 U.S.C. § 1446(b)(1). Plaintiff contends that the removal of this case was procedurally defective because the Wells Fargo Defendants failed to timely file their notice of removal within thirty days of the date Plaintiff served the Texas Secretary of State. ECF No. 10; *see* 28 U.S.C. § 1447(c) (allowing plaintiffs to move to remand a case for any defect if the motion is made within thirty days of when the notice of removal is filed).

Plaintiff asserts that the Wells Fargo Defendants' removal is time-barred because notice was filed forty days after substitute service on the Secretary of State was effected on September 23, 2021. Contrary to Plaintiff's assertion that the thirty-day period for removal began when he served the Texas Secretary of State as Defendants' agent for service of process, case law is clear that "[w]hen service is effected on a statutory agent, the removal period begins when the defendant actually receives the process, not when the statutory agent receives process." *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1998). "Texas provisions for service of statutory agents do not constitute 'receipt by the defendant' for the purpose of beginning the thirty-day removal period." *Id.* (citing *Kurtz v. Harris*, 245 F. Supp. 752, 754 (S.D. Tex. 1965)). Rather, the removal period begins when the defendant actually receives service. *Id.*; *see also Microtune, Inc. v. Big Shine Worldwide, Inc.*, No. 3:03–CV–726–K, 2004 WL 414901, at *2 (N.D. Tex. Feb. 11, 2004) (service on the Secretary of State is not sufficient to commence the time period for removal); *McCrary v. Kansas City So. R.R.*, 121 F.Supp.2d 566, 570 (E.D. Tex. 2000) (same); *Fid. Funding, Inc. v. Pollution Rsch. & Control Corp.*, No. 3:98-CV-1691-P, 1999 WL 20955, at * 2 (N.D. Tex. Jan. 7, 1999) (same).

Nonetheless, as the removing parties, the Wells Fargo Defendants bear the burden of establishing that removal was proper. *De Aguilar*, 47 F.3d at 1408. Although they submit in the Notice of Removal that were served "on or about October 4, 2021," they have failed to offer any evidence in support of this assertion and have failed to respond to Plaintiff's motion to remand. ECF No. 1 at 1. Instead, the Wells Fargo Defendants simply reasserted in an advisory to the Court that "[t]he Wells Fargo Defendants were served October 4, 2021, via their designated registered agent, Corporation Service Company (CSC). Notice of Removal was timely." ECF No. 11 at 1.  The Wells Fargo Defendants have not met their burden of establishing that the

removal was timely based on their actual receipt of service pursuant to 28 U.S.C. § 1446(b)(1), and, because all ambiguities are to be construed against removal, the Court concludes that remand is appropriate under these circumstances. *Acuna*, 200 F.3d at 339.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand pursuant to 28 U.S.C. § 1447(c) (ECF No. 10) is **GRANTED**. Because this Court lacks jurisdiction over this action, Defendant NCR Corporation's pending motion for a more definite statement as to Defendant Wells Fargo Bank, N.A.'s cross-claim (ECF No. 8) is hereby **DISMISSED AS MOOT**. The Clerk is directed to remand this case to 73rd District Court of Bexar County, Texas, and to close this case.

It is so **ORDERED**.

SIGNED this 8th day of December, 2021.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE